OTTO WERSTEIN, Plaintiff, *v.* POSTAL TELEGRAPH-CABLE COMPANY, Defendant.

Supreme Court, New York County, March 26, 1928.

**Libel and slander — complaint — letter stating plaintiff received funds telegraphed by defendant not libelous — failure to allege special damage — complaint dismissed.**

A letter set forth in a complaint in an action for libel stating that according to defendant's investigation the plaintiff received funds which it telegraphed, cannot be construed as charging the plaintiff with having obtained the money unlawfully or dishonestly, where other allegations established that the money was intended for the plaintiff's use.

The fact that prior to the sending of the letter the plaintiff had informed the defendant, his employer, that he had not received the money, cannot transform a perfectly innocent writing into a libel.

Even if it be assumed that the defendant's letter is libelous by reason of the extrinsic circumstances alleged, the complaint is insufficient for failure to allege special damages.

MOTION by defendant to dismiss complaint on ground that on the face thereof it fails to state facts sufficient to constitute a cause of action.

*Lesser & Lesser,* for the plaintiff.

*O'Brien, Boardman, Fox, Memhard & Early* [*John Vance Hewitt* of counsel], for the defendant.

FRANKENTHALER, J.   The writing complained of cannot possibly be construed as charging plaintiff with having obtained the money referred to wrongfully or dishonestly.   Defendant's letter merely states that according to its investigation the plaintiff received the funds which it telegraphed from New York.   It does not state or even intimate that there was anything improper about this, and, indeed, the other allegations of the complaint establish that the money was intended for the plaintiff's use.   It may be that prior to the sending of the letter plaintiff had informed his employer that he had not received the money, but this circumstance could not transform a perfectly innocent writing into a libel.   Nor can the innuendo enlarge the meaning of the language complained of. (*Siegel* v. *Sun Printing & Publishing Assn.,* 130 Misc. 18; Editorial, N. Y. L. J. Sept. 23, 1927.)   Even if it be assumed that the defendant's communication can be regarded as libelous by reason of the extrinsic circumstances alleged, the complaint is insufficient in that there is no allegation of special damage.   It is well settled that where a publication is defamatory only by reason of extrinsic

circumstances special damages must be pleaded. (*O'Connell* v. *Press Publishing Co.*, 214 N. Y. 352.) The motion to dismiss the complaint is, therefore, granted. Order signed.